# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No.  16-cv-62074-BLOOM/Valle

WOMEN'S CHOICE PHARMACEUTICALS, LLC and
EDWARDS PHARMACEUTICALS, INC.,

      Plaintiffs,

v.

ROOK PHARMACEUTICALS, INC.,

      Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant Rook Pharmaceuticals, Inc.'s ("Defendant") Motion to Transfer Case to Southern District of Mississippi, ECF No. [18] ("Motion to Transfer").  The Court has carefully reviewed the Motion to Transfer, the record, the supporting and opposing submissions, including Plaintiffs' Response, ECF No. [27] ("Response"), the exhibits attached thereto, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion to Transfer is granted.

## I. Background

Plaintiff Women's Choice Pharmaceuticals, LLC ("WCP") is a Nevada limited liability company and Plaintiff Edwards Pharmaceuticals, Inc. ("Edwards") is a Mississippi corporation and wholly-owned subsidiary of WCP.  ECF No. [1] at ¶¶ 3-4.  WCP and Edwards (collectively, "Plaintiffs") advertise, distribute, and sell pharmaceutical products throughout the United States. *Id.* at ¶ 9.  Defendant Rook Pharmaceuticals, Inc. ("Rook") is a Florida corporation that manufactures "generic" pharmaceutical products.  *Id.* at ¶¶ 5, 28.

On March 22, 2016, Plaintiffs filed a complaint in the Southern District of Mississippi (MS action), which alleges that the defendant in that action – Burel Pharmaceuticals, Inc. ("Burel") – engaged in false and misleading advertising and infringement of Plaintiffs' "UROGESIC BLUE" trademark through its offering of a competing pharmaceutical product under the name of "UROLET MB."[1]  *See* ECF No. [18-1] at ¶¶ 1, 9, 28.  Specifically, the complaint in that action asserts counts of False Advertising under section 43(a) of the Lanham Act, Trademark Infringement under section 32 of the Lanham Act, Trademark Infringement and Unfair Competition under section 43(a) of the Lanham Act, Unjust Enrichment under Mississippi common law, and Tortious Interference under Mississippi common law.  *Id.* at ¶ 1.

On August 30, 2016, Plaintiffs filed the Complaint in the instant action in the Southern District of Florida (FL action) alleging that Defendant Rook has engaged in false and misleading advertising and infringement of Plaintiffs' UROGESIC BLUE trademark through its manufacturing of the UROLET MB pharmaceutical product.  ECF No. [1] at ¶¶ 1, 10, 34-35. Specifically, the Complaint asserts counts of Contributory False Advertising under section 43(a)(1)(B) of the Lanham Act, Trademark Infringement under section 32 of the Lanham Act, Unfair Competition under section 43(a) of the Lanham Act, Contributory Trademark Infringement under section 32 of the Lanham Act, Contributory Unfair Competition under section 43(a) of the Lanham Act, Unjust Enrichment under Florida common law, Deceptive and Unfair Trade Practices under section 501.201 of the Florida Deceptive and Unfair Trade Practices Act, and Tortious Interference under Florida common law.  *Id.*

---

[1] The UROGESIC BLUE trademark is associated with one of Plaintiffs' pharmaceutical products that comes in tablet form.  *See* ECF No. [18-1] at ¶¶ 10, 20.  The UROLET MB pharmaceutical product also comes in tablet form.  *See id.* at ¶¶ 37-38.

In its Motion to Transfer, Defendant requests that the Court transfer this action to the Southern District of Mississippi on the basis of the first-to-file rule or, in the alternative, pursuant to 28 U.S.C. § 1404.  ECF No. [18] at 1.

## II. Legal Standard

"The Eleventh Circuit follows the first-to-file rule, and '[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit.'" *Laskaris v. Fifth Third Bank*, 962 F. Supp. 2d 1297, 1298-99 (S.D. Fla. 2013) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)).  "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla.1998); *see also In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012) ("Competing lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results.").  The Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).  "In applying the first-to-file rule, judges are afforded an ample degree of discretion." *Ass Armor, LLC v. Under Armour, Inc.*, 2015 WL 2155724, at *2 (S.D. Fla. May 7, 2015) (internal quotations and citation omitted).

Alternatively, the transfer statute, 28 U.S.C. § 1404(a), which embodies a codification and revision of the *forum non conveniens* doctrine, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S. Ct. 252 (1981), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1222-23 (S.D. Fla. 2016) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805 (1964)). It is through these lenses that the Court addresses the Motion to Transfer.

### III. Discussion

**A. Transfer Pursuant to the First-to-File Rule**

The three primary considerations for determining whether the first-to-file rule should be applied are (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues. *See Laskaris*, 962 F. Supp. 2d at 1299 (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction LLC*, 2010 WL 3789042, at *3 (M.D. Fla. Sept. 24, 2010)); *see also Rudolph and ME, Inc. v. Ornament Cent. LLC*, 2011 WL 3919711, at *2 (M.D. Fla. Sept. 7, 2011).   Upon consideration of these factors, the Court finds that transfer is warranted.

First, and most obvious, is the chronology of the two actions, which is not in dispute. Specifically, the MS action was filed on March 22, 2016, whereas the FL action was not filed until August 30, 2016.

As to the similarity of the parties, the Court recognizes at the outset a patent disparity – namely, that the Defendant Rook is not a named party in the MS action, and that the single defendant in the MS action, Burel, likewise is not a named party in the FL action.  Plaintiffs argue that this disparity ultimately precludes application of the first-to-file rule.  *See* ECF No. [27] at 9.  In support of that argument, Plaintiffs accurately point out that Defendant does not cite

to any case law approving a transfer on the basis of the first-to-file rule involving a party who was not named in a first filed action. *Id.* at 9-10. The Court nevertheless finds Plaintiffs' argument unpersuasive.

Though it is certainly significant that Defendant is not a named party in the MS action, the Court notes the numerous references to Burel that are riddled throughout Plaintiffs' Complaint in the FL action. *See* ECF No. [1]. In fact, the Complaint sets forth over 50 allegations that relate directly to Burel.[2] *See, e.g.*, *id.* at ¶¶ 29-31, 33-37, 39-40, 57-58, 68-69, 71-72, 80-84, 89-91, 97, 100-13, 139-44, 155-63. Importantly, the claims supported by those allegations are such that, in order for them to be properly adjudicated with specific findings, Burel would have to become a named party to the FL action. *See, e.g.*, *id.* at ¶¶ 139-40 ("Burel's purpose in using the UROLET MB Mark was and is to deceive, mislead and confuse customers, so as to trade on the substantial reputation and goodwill enjoyed by Plaintiffs in connection with the UROGESIC Mark. Burel's adoption and unauthorized use of the UROLET MB Mark infringes Plaintiffs' exclusive rights in its federally registered UROGESIC BLUE Mark in violation of . . . the Lanham Act."). As such, if the FL action were to proceed, there exists a substantial certainty that Burel would play a prominent role in it. Moreover, the pleadings establish that certain factual findings would need to be made as to Burel that would render it a necessary party. In this sense, the Court finds sufficient similarity between the parties of the MS action and the parties of the FL action for purposes of the first-to-file rule – the common link besides Plaintiffs being Burel, not Defendant. *See Cichocki v. Mass. Bay Cmty. College*, --- F. Supp. 3d ----, 2016 WL 4194239, at *7 (D. Mass. 2016) (finding, for purposes of *res judicata*, sufficient identify between the parties of two suits on the basis that "[a] review of both complaints establishes that Hwang was a prominent player in both cases—the factual allegations

_____

[2] Notably, Plaintiffs' Complaint also specifically references the MS action. *Id.* at ¶ 97.

of both complaints are virtually identical *despite the fact that Hwang was not a named party in [the first action]*.") (emphasis added).  Thus, under these circumstances, the Court does not find Defendant's absence from the MS action to be an impediment to transfer.  *See generally Rudolph and ME, Inc.*, 2011 WL 3919711, at *2 ("[A] precise identity of the parties is not required."); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir.1997) (stating that "[c]omplete identity of parties is not required" to apply the rule); *Hartford Accident & Indem. Co. v. Margolis*, 1992 WL 43484, at *1 (9th Cir. Mar. 5, 1992) ("Absolute identity of parties in the two cases is not required."); *Homas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002) (stating that "precise identity of the parties to both actions is not required") (citing *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 904 (N.D. Ohio 1999); *EBW, Inc. v. Environ Prods., Inc.*, 1996 WL 550020, at *3 (W.D. Mich. July 8, 1996) (stating that "a precise identity of parties is simply not required").

Relatedly, the Complaint in the FL action also undercuts Plaintiffs' argument that there is insufficient duplication of issues between the MS action and the FL action to warrant application of the first-to-file rule.  Specifically, of the seven counts asserted against Defendant in Plaintiffs' Complaint, three of them – Counts I (False Advertising), IV (Trademark Infringement), and V (Unfair Competition) – allege direct liability on the part of Burel (and contributory liability on the part of Defendant).  *See* ECF No. [1] at 18-19, 24-27.  Moreover, the allegations made under those counts mirror the allegations made under analogous counts in the MS action complaint – Counts I (False Advertising), II (Trademark Infringement), and III (Trademark Infringement and Unfair Competition) – which also allege direct liability on the part of Burel.  *Compare, e.g.*, *id.* at ¶ 104 ("Burel's false and misleading claims about the UROLET MB Products are material and likely to influence the purchasing decisions of health care professionals and patients who

6

consume Plaintiffs' products."), *with* ECF No. [18-1] at ¶ 83 ("[Burel's] false and misleading claims about the UROLET MB Products are material and likely to influence the purchasing decisions of health care professionals and patients who consume Plaintiffs' products.").  In essence, for each of Plaintiffs' contributory claims in the FL action, Plaintiffs will endeavor to prove that which they are already attempting to prove in the MS action.  *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1245 (11th Cir. 2007) ("[C]ase law suggests that a contributory infringement claim requires, at a minimum, both an allegation of a direct infringement by a third party, and an allegation of an intentional or knowing contribution to that infringement by the defendant.").

Plaintiffs disregard this overlap in subject matter entirely, and instead assert that the FL action is based on claims and issues that arose from Defendant's conduct that occurred in the state of Florida – *i.e.*, Defendant's alleged labeling and supplying of the UROLET MB pharmaceutical product to the market from Florida – and that therefore "did not arise from the same transaction or occurrence" as those of the MS action.  ECF No. [27] at 10.  This argument is misplaced, as is Plaintiffs' reliance on *Dial HD, Inc. v. Clearone Commc'ns, Inc.*, 2010 WL 2010 WL 3732115 (S.D. Ga. Sept. 7, 2010), and *Peter Brassler Holdings, L.P. v. Gebr. Brasseler & Co.*, 2007 WL 1500296 (S.D. Ga. May 21, 2007).  In *Dial HD*, the claims and issues related to the second-filed case "substantially differ[ed]" from those in the first-filed case.  2010 WL 3732115, at *4.  And although the court in *Peter Brassler Holdings* adopted a "transaction or occurrence" test to conclude that the first-filed and second-filed cases lacked duplication, it did so only because "the issues in [that] forum [did] not overlap with the issues [] litigated in the

Northern District [of Georgia] *at all*." 2007 WL 1500296, at *3 (emphasis added).[3] Here, unlike in those cases, a substantial overlap in issues is present, and therefore a consideration of the location of Defendant's actions or Plaintiffs' remaining claims that may not overlap with the MS action is inapposite. *See Rudolph and ME, Inc.*, 2011 WL 3919711, at *3 ("The applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one.") (quoting *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009)); *Walker v. Progressive Casualty Ins. Co.,* 2003 WL 21056704, *2 (W.D. Wash. May 9, 2003) ("Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar.'") (quoting *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989)); *Centocor, Inc. v. MedImmune, Inc.,* 2002 WL 31465299, *3 (N.D. Cal. Oct. 22, 2002) (stating that the first-to-file rule does not require identical issues or parties "so long as the actions involve closely related questions or common subject matter"); *Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947, 950 (5th Cir.1997) ("Syntek argues that the 'first-to-file' rule does not apply in this case because neither the issues nor the parties are identical to those in the Original Action. The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap.'").

Finally, although it is appropriate to depart from the first-to-file rule "when there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action[,]" *Philibert v. Ethicon, Inc.*, 2005 WL 525330, at *1 (S.D. Fla. Jan. 14, 2005), no such showing has been made here.

---

[3] More specifically, the court in *Peter Brassler Holdings* adopted Fed. R. Civ. P. 13(a)'s "transaction or occurrence" test for compulsory counterclaims only after observing that "[n]o precedent guides [the] sort of situation [with] similar parties but dissimilar issues." *Id.*

Specifically, Plaintiffs do not offer sufficient support for their assertion that "the balance of convenience tips in favor of this forum" based on the relevant factors to be considered in determining whether to transfer under 28 U.S.C. § 1404(a).  ECF No. [27] at 11 n.3.  The gravamen of Plaintiffs' arguments against transfer under 28 U.S.C. § 1404(a) is that this forum is not inconvenient to Defendant, and that the Southern District of Mississippi would not necessarily be more convenient to Defendant; but nowhere in their Response do Plaintiffs argue that the convenience of this forum is so significant as to justify a departure from the strong presumption under the first-to-file rule.  In fact, Plaintiffs themselves appear to recognize the lack of a significant imbalance in convenience between the two forums.  *See, e.g.*, ECF No. [27] at 14 ("Although a transfer may provide *a more convenient forum for WCP*, which is the location of Plaintiff Edwards Pharmaceutical headquarters, Rook's allegation that WCP 'cannot complain that transferring this case out of Florida will cause them any inconvenience or burden' [] fails to meet its legal burden, which requires transfer to a more convenient forum.") (emphasis added).

Overall, in consideration of the chronology of the MS action and the FL action, the similarity of the parties, and the similarity of the issues, the Court finds that transfer pursuant to the first-to-file rule is warranted.  If the two actions were to proceed separately in different venues, a waste of judicial resources and a potential for incompatible rulings would result from the overlap of parties and issues described above.[4]

---

[4] Plaintiffs also make the argument that Defendant's Motion to Transfer under the first-to-file rule is not properly before this Court, ECF No. [27] at 10-11, and in doing so rely on the following language: "The first to file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which courts may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated."  *Ass Armor, LLC*, 2015 WL 2155724, at *1 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir.1999)).  That language, however, simply speaks to the deference owed by the second-filed court to the first-filed court with respect to how two cases should proceed once the first-to-file rule is found applicable.  *See id.* ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated

**B. Transfer Pursuant to 28 U.S.C. § 1404(a)**

The Court declines to address Defendant's argument for transfer pursuant to 28 U.S.C. § 1404 as the application of the first-to-file rule is dispositive.  *See Laskaris*, 962 F. Supp. 2d at 1299; *Rudolph and ME, Inc.*, 2011 WL 3919711, at *3.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Rook Pharmaceuticals, Inc.'s Motion to Transfer Case to Southern District of Mississippi, ECF No. [18], is **GRANTED**.

2. Venue in the above-styled action is **TRANSFERRED** to the Southern District of Mississippi.

3. The Clerk of the Southern District of Florida shall **CLOSE this case** and all pending motions are **DENIED as moot**.[5]

**DONE AND ORDERED** in Miami, Florida this 7th day of November, 2016.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

---

action.") (quoting *Perkins v. Am. Nat. Ins. Co.*, 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006)); *see also Laskaris*, 962 F. Supp. 2d at 1299 (transferring venue pursuant to the first-to-file rule and explaining that "[w]hether or not both cases should proceed independently is to be decided by the first-filed court").

[5] On October 27, 2016, Plaintiffs filed a Motion to Expedite Consideration of the Motion to Transfer and for Reconsideration of the Court's Order Staying Briefing on Plaintiffs' Motion for Preliminary Injunction, ECF No. [28] ("Motion to Expedite and for Reconsideration"), to which Defendant filed a Response in Opposition, ECF No. [31]. The Court has equally considered these filings.